# Williams' Estate.

*Will—Devise—Life estate.*

Testator after giving his entire estate to his wife for life with power to use the principal of the money, gave whatever should remain at her decease to his then surviving children and grandchildren per stirpes "providing however as to the share of my daughter . . . . that in case she shall die childless, either before or after the decease of my said wife" then such share to go to the other children or heirs. *Held*, that the daughter took a life estate.

Argued Oct. 16, 1906. Appeal, No. 27, Oct. T., 1906, by Elmira Atkinson, from decree of O. C. Beaver Co., Dec. T., 1904, No. 8, sustaining exceptions to distribution in Estate of Isaac Williams, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to distribution of a fund raised by the sale of real estate. Before WILSON, P. J.

From the record it appeared that the real estate in question was part of the estate of Isaac Williams, deceased.

The auditor awarded to Elmira Atkinson, a daughter of the decedent, a share of the fund absolutely.

The will of the decedent provided as follows:

Fifth. "Whatsoever of my estate, real, personal and mixed, hereinbefore bequeathed to my wife for life, that may remain at her decease, I direct that the same shall pass to and vest in

my then surviving children and grandchildren, being the children of any deceased child, the grandchildren to take only the share of such deceased parent, provided, however, as to the share of my daughter Elmira Atkinson therein, or in the property mentioned in the fourth clause of this will, that in case she shall die childless, either before or after the decease of my said wife, then her share of my estate to which she may be entitled under this my will, shall pass to and vest in my other children or their heirs."

Exceptions to the auditor's report were sustained by the court, and the portion of the fund in dispute was awarded to Elmira Atkinson for life.

*Error assigned* was the decree of the court.

*A. P. Marshall*, with him *John M. Buchanan* and *James L. Hogan*, for appellant.

*S. S. Mehard*, with him *Edwin S. Weyand* and *F. G. Moorhead*, for appellee, were not heard.

PER CURIAM, January 7, 1907:

The testator's intent is so manifest and his expression of it so clear that it is difficult to see how it could be made plainer. After giving his entire estate to his wife for life with power to use the principal of the money, he gave whatever should remain at her decease to his then surviving children and grandchildren per stirpes, " providing however as to the share of my daughter Elmira (appellant) . . . . that in case she shall die childless, either before or after the decease of my said wife " then such share to go to the other children or heirs.   Nothing is left in doubt either as to the contingency itself on which the devise over is to take effect, or the time of its happening.   It is to be at the death of appellant, whether that shall be before or after that of her mother.   So long as the contingency is still possible in the future the estate of the appellant is liable to be defeated by its occurrence.

Decree affirmed.